UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JONATHAN J. GODWIN,
and other similarly situated individuals,

    Plaintiff (s),

v.

IMCMV HOLDINGS INC,
IMCMV DAYTONA LLC,
d/b/a LANDSHARK BAR & GRILL
DAYTONA BEACH,

    Defendant,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff JONATHAN J. GODWIN, by and through the undersigned counsel, on behalf of himself and other similarly situated hereby sues Defendants IMCMV HOLDINGS INC, and IMCMV DAYTONA LLC, d/b/a LANDSHARK BAR & GRILL DAYTONA BEACH and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

3. Plaintiff JONATHAN J. GODWIN (hereinafter JONATHAN J. GODWIN, or Plaintiff) is a resident of Volusia County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Defendants IMCMV HOLDINGS INC, and IMCMV DAYTONA LLC, d/b/a LANDSHARK BAR & GRILL DAYTONA BEACH (hereinafter LANDSHARK BAR & GRILL, or Defendant) are Florida corporations. Defendants IMCMV HOLDINGS INC, and IMCMV DAYTONA LLC share corporate offices at 7380 Sand Lake Road, Suite 300, Orlando, FL 32819, within the jurisdiction of this Court. At all times, Defendant were and are engaged in interstate commerce.

5. Defendants IMCMV HOLDINGS INC, and IMCMV DAYTONA LLC, hereinafter will be called LANDSHARK BAR & GRILL, or Defendant.

6. All the actions raised in this complaint took place within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendant regular wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

8. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff including all prep cooks, bussers, dishwashers, waitress/es, bartenders, barbacks an all restaurant employees performing non-exempted duties, at all premises of LANDSHARK BAR & GRILL restaurants nationwide, in furtherance of the

business of Defendant, and who worked in excess of forty hours (40) during one or more weeks within the material time, without being paid overtime hours at the rate of time and a half his regular rate ("the overtime rate"), pursuant the FLSA.

9. The asserted class for this collective action also includes all current and former employees similarly situated to Plaintiff performing non-exempted duties, at all premises of LANDSHARK BAR & GRILL restaurants nationwide, in furtherance of the business of Defendant, and who worked forty hours (40) or less than forty (40) hours without being paid minimum wages for every hour worked for Defendant, pursuant to the FLSA, during one or more weeks within the "material time"

10. The material time for the claims in this case is the three-years period (3 years) prior to the date of each Plaintiff or each similarly situated individuals joining this action, as tolled or extended by equity of by law.

11. Corporate Defendants IMCMV HOLDINGS INC, and IMCMV DAYTONA LLC, (hereinafter LANDSHARK BAR & GRILL) operate LANDSHARK BAR & GRILL which is an American casual dining restaurant brand.

12. Plaintiff worked at LANDSHARK BAR & GRILL located at 471 South Atlantic Avenue, Daytona Beach Florida, 32118.

13. At all times pertinent to this Complaint, Defendant LANDSHARK BAR & GRILL was engaged in interstate commerce as defined by §3 (r) and 3(s) of the Act, (29 U.S.C. § 203(r) and 203(s)). The annual gross volume of the corporate was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

14. Plaintiff an those similarly situated individuals were employed by an enterprise engage in interstate commerce and performed activities in furtherance of an enterprise engaged in interstate commerce. Therefore, there is FLSA individual coverage.

15. Defendant LANDSHARK BAR & GRILL employed Plaintiff JONATHAN J. GODWIN as a non-exempted, full time, hourly restaurant employee, from on or about January 6, 2018 through approximately July 05, 2019, or 78 weeks.

16. Throughout Plaintiff's employment period with Defendant, Plaintiff performed different duties, during different schedules, which were compensated at different rates. Plaintiff worked different positions within a single day, and within the same workweek.

17. Defendant had the practice of interchanging employees between "Front-of-House" positions, which focuses on customer service, and Back-of-House positions, which focuses on food preparation, cleaning and maintenance duties, depending on the needs of the restaurant.

18. Plaintiff worked different positions such as trainer, busser, dishwasher, cleaning employee barback, and cook prep. Plaintiff was required to clock in and out for each position, and he was paid different rates for every position. Plaintiff's last paystub dated 07/05/19 shows hourly rates of $10.00, $6.44, and $5.44, an hour.

19. Plaintiff worked non-tippable positions and he also worked tippable positions, in which he received indirect tips. Nevertheless, Plaintiff worked many non-tippable hours for which he was paid at the minimum rate for tipped employees.

20. Plaintiff worked 7 days per week, he was required to show up for work at 10:30 in the morning, however he was not allowed to clock-in until 11:00 AM. From Mondays to Thursdays Plaintiff clocked out around 11:00 PM (12 hours each day); from Fridays to

Saturdays, Plaintiff clocked out around 12:00 (13 hours each day). These hours added up 83 hours weekly. In addition, Plaintiff worked 3.5 off-the-clock hours weekly. Consequently, Plaintiff worked a total of approximately 86.5 hours every week.

21. Plaintiff and other similarly situated individuals, did not take bona-fide lunch periods.

22. Plaintiff alleges that every week he was paid only for a fraction of his regular and overtime hours, because Defendant did not credit all the hours worked by Plaintiff at every position.

23. Defendant failed to pay Plaintiff, and other similarly situated individuals, regular and overtime hours.

24. Plaintiff clocked-in half an hour after the beginning of his shift, and he clocked-out at the end of his shifts; also, Plaintiff clocked in and out between changing positions. Thus, Defendant was able to track the total number of hours worked by Plaintiff and other similarly situated individuals.

25. Therefore, Defendant willfully failed to pay Plaintiff minimum wages for every regular hour that he worked, in violation in violation of Section 206 (29 U.S.C. 206 (a)) and it failed to pay Plaintiff overtime, in violation of Section 7 (a) (29 U.S.C. 207(a)(1))of the Fair Labor Standards Act of 1938.

26. In the course of his employment with Defendant Plaintiff and other persons in the asserted class, regularly worked overtime hours (hours in excess of forty (40) and were not paid all regular hours worked, and overtime compensation at the rate of time and one-half of their regular rate of pay (the overtime rate) for all of the overtime worked, based in part upon Defendant's custom and practice of failing to credit and pay for all the regular hours, and the failing to credit and pay for overtime hours actually worked.

27. Upon information and belief, LANDSHARK BAR & GRILL applied the same compensation and employment policies, practices, and procedures to all LANDSHARK BAR & GRILL' employees, working at all LANDSHARK BAR & GRILL locations.

28. The records, if any, concerning the number of hours worked by Plaintiff JONATHAN J. GODWIN, and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

29. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

30. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209. In that Plaintiff and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other employees in the asserted class, the compensation to which they were lawfully entitled for all the regular and overtime hours worked within a workweek.

31. Plaintiff has retained the law offices of the undersigned attorney to represent him individually, and on behalf of the asserted class, and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

32. Plaintiff JONATHAN J. GODWIN re-adopts every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

33. Defendant has engaged in a widespread pattern and practice of violating the Fair Labor Standards Act, as described in this Collective Action Complaint.

34. At all times pertinent to this Complaint, Defendant LANDSHARK BAR & GRILL was engaged in interstate commerce as defined by §3 (r) and 3(s) of the Act, (29 U.S.C. § 203(r) and 203(s)), and the annual gross volume of the corporate was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

35. At all relevant times, Plaintiff and the FLSA asserted class were engaged in commerce or in the production of good for commerce within the meaning of 29 U.S.C §§ 206(a) and 207(a).

36. At all relevant times, Defendant employed Plaintiff and the FLSA asserted class.

37. At all relevant times, the overtime provisions set forth in 29 U.S.C. § 201 *et seq.* of the FLSA apply to Defendant.

38. At all relevant times, Defendant has been employer of engaged in interstate commerce/and or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

39. At all relevant times, Plaintiff and the FLSA asserted class were employees within the meaning of 29 U.S.C. §§ 203(e) and 207 (a).

40. Defendant has failed to pay Plaintiff and the FLSA asserted class the overtime wages to which they are entitled under the FLSA.

41. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

42. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA asserted class.

43. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

44. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA asserted class have suffered damages by being denied overtime wages in accordance to 29 U.S.C. § 201 *et seq.*

45. As a result of the unlawful acts of Defendant, Plaintiff and the FLSA asserted class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, and other relief as allowable by law.

46. Plaintiff has retained the law offices of the undersigned attorney to represent him individually, and on behalf of the asserted class, and incurred attorney's fees and costs in bringing this action.  Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JONATHAN J. GODWIN, individually and on behalf of all other similarly situated persons, respectfully request that this Honorable Court grant the following relief:

A. An order, at the earliest possible time, allowing Plaintiff to give notice of this collective action to all including all prep cooks, bussers, dishwashers, waitress/es, bartenders, barbacks an all similarly situated employees who are presently, or have at any time from

August 2016, up through and including the date of this Court's issuance of Court-Supervised Notice worked at LANDSHARK BAR & GRILL (or that the Court issue such notice). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Enter judgment for Plaintiff JONATHAN J. GODWIN and other similarly situated and against the Defendant LANDSHARK BAR & GRILL based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

C. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly;

D. Pre-judgment interest and post-judgment interest as provided by law;

E. Award Plaintiff an equal amount in double damages/liquidated damages, the employer's share of FICA and FUTA, and any other required employment taxes to be paid by Defendant according to proof;

F. Award Plaintiff reasonable attorneys' fees and costs of suit; and

G. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JONATHAN J. GODWIN and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:

## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGES

47. Plaintiff JONATHAN J. GODWIN re-adopts every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

48. Defendant has engaged in a widespread pattern and practice of violating the Fair Labor Standards Act, as described in this Collective Action Complaint.

49. At all times pertinent to this Complaint, Defendant LANDSHARK BAR & GRILL was engaged in interstate commerce as defined by §3 (r) and 3(s) of the Act, (29 U.S.C. § 203(r) and 203(s)), and the annual gross volume of the corporate was in excess of $500,000 per annum.  Therefore, there is FLSA enterprise coverage.

50. At all relevant times, Plaintiff and the FLSA asserted class were engaged in commerce or in the production of good for commerce within the meaning of 29 U.S.C §§ 206(a).

51. At all relevant times, Defendant employed Plaintiff and the asserted class.

52. At all relevant times, the overtime provisions set forth in 29 U.S.C. § 201 *et seq.* of the FLSA apply to Defendant.

53. At all relevant times, Defendant has been employer of engaged in interstate commerce/and or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a).

54. At all relevant times, Plaintiff and the FLSA asserted class were employees within the meaning of 29 U.S.C. §§ 203(e) and 206 (a).

55. 29 U.S.C §206 states employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

56. Defendant has failed to pay Plaintiff and the asserted class the minimum wages to which they are entitled under the FLSA.

57. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

58. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA asserted class.

59. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA asserted class have suffered damages by being denied minimum wages in accordance to 29 U.S.C. § 201 *et seq.*

61. As a result of the unlawful acts of Defendant, Plaintiff and the FLSA asserted class have been deprived of minimum wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, and any other relief as allowable by law.

62. Plaintiff has retained the law offices of the undersigned attorney to represent him individually, and on behalf of the asserted class, and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JONATHAN J. GODWIN, individually and on behalf of all other similarly situated persons, respectfully request that this Honorable Court grant the following relief:

A. An order, at the earliest possible time, allowing Plaintiff to give notice of this collective action to all including all prep cooks, bussers, dishwashers, waitress/es, bartenders, barbacks an all similarly situated employees who are presently, or have at any time from August 2016, up through and including the date of this Court's issuance of Court-Supervised Notice worked at LANDSHARK BAR & GRILL (or that the Court issue such notice). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Enter judgment for Plaintiff JONATHAN J. GODWIN and other similarly situated and against the Defendant LANDSHARK BAR & GRILL, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

C. Award Plaintiff, and other similarly situated, actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

D. Award Plaintiff, and other similarly situated, an equal amount in double damages/liquidated damages; and

E. Award Plaintiff, and other similarly situated, reasonable attorneys' fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff JONATHAN J. GODWIN and those similarly situated demand trial by jury of all issues triable as of right by jury.

DATED: August 22, 2019

Respectfully submitted,

By: __/s/ **Zandro E. Palma**___
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff and the Putative class*